**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-2274**

_____

DOROTHY BILLS,

Plaintiff - Appellant,

v.

WVNH EMP, LLC, an Ohio corporation; LANETTE KUHNASH,

Defendants - Appellees.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Irene C. Berger, District Judge.  (2:22-cv-00093)

_____

Submitted:  April 29, 2024                                        Decided:  May 30, 2024

_____

Before WILKINSON and WYNN, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF**: Walt Auvil, THE EMPLOYMENT LAW CENTER PLLC, Parkersburg, West Virginia, for Appellant.  Maria Greco Danaher, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., Pittsburgh, Pennsylvania, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dorothy Bills appeals the district court's order granting Defendants' motion for summary judgment on her action alleging wrongful termination under the West Virginia Human Rights Act ("WVHRA"), W. Va. Code Ann. §§ 5-11-1 to 5-11-20 (LexisNexis 2023). For the following reasons, we affirm.

"We review de novo the district court's grant of summary judgment," viewing the facts and drawing all reasonable inferences in the light most favorable to the nonmoving party. *Knibbs v. Momphard*, 30 F.4th 200, 213 (4th Cir. 2022). "Summary judgment is only appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the non-moving party," and "[a] fact is material if it might affect the outcome of the suit under the governing law." *Id.* (internal quotation marks omitted).

To establish a claim of wrongful termination under the WVHRA, an employee has the burden to prove:

> (1) that [she] engaged in protected activity, (2) that [her] employer was aware of the protected activit[y], (3) that [she] was subsequently discharged and (absent other evidence tending to establish a retaliatory motivation) (4) that [her] discharge followed . . . her protected activit[y] within such period of time that the court can infer retaliatory motivation.

*Longerbeam v. Shepherd Univ.*, __ S.E.2d __, __, 2024 WL 1571403, at *7, 10 (W. Va. Apr. 11, 2024); *see Hanlon v. Chambers*, 464 S.E.2d 741, 745 (W. Va. 1995) (same). "Protected activity . . . includes opposition to [conduct] that the plaintiff reasonably and in good faith believes violates the provisions of the [WVHRA]." *Roth v. DeFeliceCare, Inc.*,

700 S.E.2d 183, 193 (W. Va. 2010) (internal quotation marks omitted).  This standard includes both a subjective and an objective component as the opposition "must be based on a set of facts and a legal theory that are plausible" and "the view must be honestly held and be more than a cover for troublemaking."  *Id.* (internal quotation marks omitted).

We have reviewed the parties' arguments and the record and find no reversible error, as Bills did not carry her burden to show that her actions—which she described as "smack[ing] [a patient's] hands" away "not . . . hard enough to hurt him, just like you would a child for misbehaving" to stop him from groping her (J.A. 193)[*]—constituted protected activity under the WVHRA.  Accordingly, we affirm the district court's order. *Bills v. WVNH EMP, LLC*, No. 2:22-cv-00093 (S.D.W. Va. Dec. 1, 2022).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] "J.A." refers to the joint appendix filed by the parties in this appeal.

3